# SUPREME JUDICIAL COURT

FOR THE

COUNTY OF ESSEX, NOVEMBER TERM 1833,
AT SALEM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON,

## Tristram Brown et al. versus Humphrey Lakeman.

Devise:— " I give to my daughter Mary, her heirs and assigns, my lower farm &c ; also one mile in length of my beach for drift wood and timber lying between the other parts of said beach hereinafter given to my daughter Elizabeth; I give to my daughter Elizabeth, her heirs and assigns, that part of my farm called &c.; and half a mile of the lower end of the beach, to be measured at high-water mark, for drift wood and timber of all sorts, and all the remainder of my beach, with a privilege of digging ten barrels of clams yearly at the southerly end of my farm." *Held*, that Elizabeth took a fee in the half a mile of beach, and that the boundary was to be measured from the lower end of the beach as it existed at the time of the testator's death, and was not to shift from time to time as the beach should alter by the washing of the sea.

Trespass *quare clausum fregit.* Trial before *Morton* J. The will of John Patch contained these provisions : — " I give and devise to my daughter Mary Lakeman, and to her heirs and assigns, my lower farm, formerly called wigwam-hill, bounded &c., thence running &c. down into the sea, with the privilege of the clams ; also one mile in length of my beach

for drift wood and timber lying between the other parts of said beach hereinafter given to my daughter Elizabeth Choate."—"Also, I give and devise to my daughter Elizabeth Choate, and to her heirs and assigns, that part of my farm called castle-hill, bounded &c., and half a mile of the lower end of the beach, to be measured at high-water mark, for drift wood and timber of all sorts, and all the remainder of my beach, with a privilege of digging ten barrels of clams yearly at the southerly end of my farm."

The plaintiffs claim the *locus in quo*, as being parcel of the half a mile of beach devised to Elizabeth Choate.

The defendant is the owner of the lower farm, called wigwam-hill, devised to Mary Lakeman, including that part of the beach which was devised to her.

It was proved, that on the day mentioned in the writ, one of the plaintiffs went upon the beach, and finding some sticks of timber washed ashore by the sea, attempted to take them; but that the defendant resisted and prevented him, and took the sticks; which, with the breach of the close, was the trespass complained of.

Evidence was offered on the part of the plaintiffs, to show that the place where the supposed trespass was committed, was on the half a mile of beach devised to Elizabeth Choate, and on the part of the defendant, to disprove this. The defendant offered evidence tending to show that the spot was more than half a mile from the lower end of the beach as it then terminated, and for some years had done; and contended that all that Elizabeth Choate could claim under the will, was a mere incorporeal easement, a right to take drift wood on the lower half a mile of beach, to be measured from time to time, and as it terminated from time to time; and he offered evidence tending to show that the beach terminated at its lower end further south-east than when the will was made and the testator died.

But the judge instructed the jury, that the soil and freehold in the beach were devised to Elizabeth Choate; that the devise passed the lower half a mile of beach as it terminated when the will was made and the testator died; and that this was a fixed and stable freehold.

The defendant contended also, that the plaintiffs had no right of action of any kind.

The verdict was for the plaintiffs.

*Choate*, for the defendant, to the point, that under the will Elizabeth Choate took only an easement in the beach, cited *Stukeley* v. *Butler*, Hob. 175 ; 3 Cruise's Dig. *tit.* 27, § 53 , *Scratton* v. *Brown*, 4 Barn. & Cressw. 485 ; and to the point, that the half a mile of beach to which the easement attached, varied with the changes made in the beach by accretion, *Scratton* v. *Brown*, 4 Barn. & Cressw. 485.

*Saltonstall* and *Lord*, for the plaintiffs.

PUTNAM J. delivered the opinion of the Court. We proceed upon the ground that the plaintiffs are lawfully entitled to all the right and title in the *locus in quo* &c. which was devised to Elizabeth Choate by the last will and testament of John Patch. The whole of the beach was devised to his daughters Mary Lakeman and Elizabeth Choate. To Mary L. and her heirs and assigns the testator devised what he called his lower farm, formerly called wigwam-hill, bounding it, as the fence stood, " and down into the sea, with the privilege of the clams ;" — " also one mile in length of his beach for drift wood and timber lying between the other parts of said beach thereinafter given to his daughter Elizabeth Choate." It would seem then, that Elizabeth was to have some beach at each end of the mile of beach given to Mary L. And the testator proceeds to devise to his daughter Elizabeth Choate, and to her heirs and assigns, that part of his farm called castle-hill bounded &c., and " down into the sea &c., and half a mile of the lower end of the beach to be measured at high-water mark for drift wood and timber of all sorts : and all the remainder of his beach, with a privilege of digging ten barrels of clams yearly at the southerly end of his farm."

The place where the supposed trespass was committed was within the half of a mile of the beach devised to Elizabeth, measuring as it was *when the devisor died*. But the defendant offered evidence tending to prove that the spot was more than half of a mile from the lower end of the beach as it *terminated at the time of the supposed trespass ;* and he contended that this was a movable boundary, and that it shifted as the beach

*Nov. 7th.*
*1832.*

*Nov. 8th,*
1833

*Oct. 22d*

was washed away by the sea. But the judge instructed tne jury, that the half mile of beach was to be measured as 't was when the devisor died, and that it was a fixed and stable freehold. And we all think that that instruction was correct. A different rule would be productive of great uncertainty and litigation, and there is nothing in the will from which we can infer that the testator intended that the measurements should not be made as the beach then existed.

We proceed upon the ground, that the spot where the trespass was alleged to have been done, was within the half of a mile of the beach which was devised to Elizabeth, measuring as it then existed.

Then the question is, what right was devised to Elizabeth in that part of the beach. It is contended for the defendant, that nothing was given or intended to be given, but an incorporeal hereditament ; a right merely to take the wood which should drift upon that part of the beach ; and that for such an injury as the plaintiffs complain of, an action of trespass upon the case, and not an action of trespass *quare clausum fregit*, would lie.

We are all however of opinion, that the testator gave a fee simple to Elizabeth, and it becomes unnecessary to determine whether or not trespass *quare clausum* would lie, if the devise had been of the right merely to take the drift wood and timber there.

The devise of the castle-hill farm is expressly to Elizabeth and her heirs and assigns, bounding it, and immediately adding, " and half a mile of the lower end of the beach, to be measured at high-water mark." If the will had stopped there, it would be very clear to us, that the beach was given to the heirs and assigns of the devisee, as well as the castle-hill farm.

But the devisor proceeds to say, " for drift wood and timber of all sorts ;" and it is contended in the ingenious argument for the defendant, that the last words limited the previous words to a devise of a mere easement ; and the remainder of the beach was given with the same limited intent. But we think this construction does not give the true meaning of the devisor. He had given the fee simple in the farms

to his daughters. The beach might be considered as a necessary or convenient wood lot, which should be divided between them. In the course of the argument at bar, it appeared, that the beach was valuable chiefly, if not entirely, for the drift wood and timber. If one should devise to J. S. and his heirs and assigns, a dwellinghouse to live in, a garden for vegetables, an orchard for fruit, ten acres for tillage, ten acres for wood and timber, &c., these reasons for the devise, or expectations in regard to the manner in which the devisee would use the property, would not, we think, be justly considered as limitations upon the fee simple. And so in the case at bar, we think the testator expressed the inducement he had to give this beach to his daughters, viz. that they might have and enjoy it as a wood lot, as they might have and enjoy the farms devised to them respectively in fee simple, and that he did not intend, that they should have a less estate in the beach than in the farms. There is another reason, arising from the will itself, which rather fortifies the construction which we give. It is this; that the testator knew very well how to express himself when he meant to give a mere easement. To each of his daughters he gives " *the privilege* of digging clams," using the word " privilege" over and again, where he intended to give an easement. But he couples the devise of the beach with the devise of the farms, and says nothing about a *privilege in the beach ;* leaving a fair presumption that he intended to give the beach itself and not merely a privilege or easement in it.

Our opinion is, that the plaintiffs, at the time when, &c., had the soil and freehold in the *locus in quo* &c., and a legal constructive possession of the property taken by the defendant. The judgment must therefore be rendered for the plaintiffs, according to the verdict.